REVISED December 8, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-50202
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR VALLES-HIDALGO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2428-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Valles-Hidalgo appeals the sentence imposed following his guilty plea conviction of illegal reentry following deportation. He contends that his within-guidelines sentence is not entitled to a presumption of reasonableness because the adjustment in the illegal reentry Guidelines for prior convictions of aggravated felonies and other offenses is not supported by empirical research

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and results in sentences that are excessive and disproportionate to the goals of 18 U.S.C. § 3553(a).

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Valles-Hidalgo argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Valles-Hidalgo contends that the justification for applying a presumption in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account empirical data and national experience. He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields

2

a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. Valles-Hidalgo's appellate arguments fail to show that the presumption should not apply in the instant case.

Valles-Hidalgo also contends that his sentencing range was excessive because the lack of a "fast-track" program in the Western District of Texas resulted in a disparity between sentences imposed in that district and sentences imposed in districts that have such programs. As Valles-Hidalgo concedes, his argument is foreclosed by United States v. Gomez-Herrera, 523 F.3d 554, 559-64 (5th Cir. 2008), petition for cert. filed (July 2, 2008) (No. 08-5226).

AFFIRMED.